UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re:<br><br>Randolph Hospital, Inc. d/b/a Randolph Health,<br><br>                Debtors.[1]<br><br>———————————————————<br><br>Louis E. Robichaux, IV, as Liquidation Trustee of Randolph Health Liquidation Trust,<br><br>                Plaintiff,<br><br>          vs.<br><br>ASD Specialty Healthcare, LLC,<br><br>                Defendant. | Case No.  20-10247<br><br>Chapter  11<br><br><br><br>Adversary No. 22-_____ |

**COMPLAINT TO AVOID TRANSFERS,
RECOVER PROPERTY, AND FOR RELATED RELIEF**

Plaintiff Louis E. Robichaux, IV, as Liquidation Trustee of the Randolph Health Liquidation Trust ("Plaintiff" or "Trustee") and as successor to Randolph Hospital, Inc. d/b/a Randolph Health ("Randolph Health") and certain of its debtor affiliates (collectively, "Randolph" or the "Debtors"), by and through his undersigned counsel, and files this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 547, 548, and 550 ("Complaint") against ASD Specialty Healthcare, LLC ("Defendant"), stating to the Court as follows:

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

**PARTIES**

1. The Debtors Randolph Hospital, Inc. d/b/a Randolph Health and Randolph Specialty Group Practice are North Carolina non-profit corporations. The Debtor MRI of Asheboro, LLC d/b/a Randolph MRI Center is a North Carolina limited liability company.

2. Plaintiff Louis E. Robichaux, IV is the duly appointed Liquidation Trustee of the Randolph Health Liquidation Trust and the representative of the estate authorized to pursue the causes of action set forth herein pursuant to the Debtors' Third Amended Joint Plan of Liquidation ("Plan").

3. The Defendant ASD Specialty Healthcare, LLC is a California limited liability company.

**BACKGROUND AND JURISDICTION**

4. On information and belief, the Defendant provided goods and/or services to the Debtors at varying times prior to March 6, 2020 ("Petition Date").

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8. All conditions precedent to the filing of this action have occurred.

9. On March 6, 2020 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Middle District of North Carolina ("Court") commencing the above-captioned cases ("Chapter 11 Cases").

10. Prior to the sale of substantially all of the Debtors' assets in the Chapter 11 Cases, the Debtors and certain non-debtor affiliates operated a comprehensive healthcare system based in Asheboro, North Carolina, including a 145-bed hospital, an extensive network of primary care and specialty physician offices, outpatient rehabilitation centers, homecare services, advanced imaging, and an accredited cancer treatment center.

11. On October 8, 2020, the Debtors and American Healthcare Systems, LLC ("AHS") entered into an Asset Purchase Agreement ("APA") for the sale of substantially all of the Debtors' assets. On November 3, 2020, the Bankruptcy Court entered an Order Authorizing the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief ("Sale Order") (Docket No. 563).

12. Following negotiation of amendments to the APA, the Debtors filed their Motion for Approval of Amended Sale Transaction and Notice of Sale on May 14, 2021 (Docket No. 830). The Bankruptcy Court enter its Order Granting Debtors' Motion for Approval of Amended Sale Transaction and Supplementing Prior Sale Order (the "Supplemental Sale Order") on June 4, 2021.

13. On August 25, 2021, the Bankruptcy Court entered an Order (Docket No. 973) confirming the Debtors' Plan. The effective date of the Plan occurred on October 1, 2021.

14. Pursuant to the terms of the Plan, the Trustee is solely responsible for prosecution and settlement of all Retained Causes of Action, including this action, following the Effective Date of the Plan.

15. During the ninety (90) days before the Petition Date, (the "Preference Period"), the Debtors continued to engage in business and made payments and other transfers of property to suppliers and other parties, including the Defendant.

16. Prior to the Petition Date, the Debtors and the Defendant engaged in one or more business transactions evidenced by contracts, invoices, communications and/or other documents.

## AVOIDABLE TRANSFERS

17. The Debtors made one or more transfers to or for the benefit of the Defendant in the amount, on the dates, from the bank accounts, and in the manner, described on the attached **Exhibit A** (each a "Pre-Petition Transfer" and, collectively, the "Pre-Petition Transfers").

18. Each Pre-Petition Transfer was made on account of invoices or indebtedness owed to the Defendant for goods and/or services previously provided by the Defendant to one or more of the Debtors. Exhibit A sets forth the specific Debtor that made the applicable Pre-Petition Transfer ("Debtor Transferor").

## COUNT I – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

The allegations in paragraphs 1-18 are realleged as if set forth in this count.

19. The Pre-Petition Transfers were transfers of an interest in property of the Debtor Transferor.

20. The Pre-Petition Transfers were each made on account of an antecedent debt owed by the Debtor Transferor to the Defendant before each Pre-Petition Transfer was made. Specifically, each transfer was made pursuant to an obligation by the Debtor Transferor to Defendant under invoice numbers 12013838452, 12013841756, 12013841757, 12013893297, 12013905339, 12013923017, 12013950793 and 12013950794, with each such obligation existing prior to the applicable transfer.

21. The Debtors were insolvent when each Pre-Petition Transfer was made.

22. The Pre-Petition Transfers were made within the Preference Period.

23. The Pre-Petition Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code if the transfers had not been made because, among other things: (i) absent the transfers, such obligations would have been treated as general unsecured claims in the Chapter 11 Case and general unsecured claims are impaired under the Plan; and (ii) in order to confirm the Plan, the Court was required to determine that treatment under the Plan was preferable to a Chapter 7 Liquidation; (b) the Pre-Petition Transfers had not been made; and (c) the Defendant received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

24. The Pre-Petition Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).

25. The Liquidating Trustee has conducted reasonable due diligence in the circumstances of the case and has taken into account the Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c). Such due diligence included reviewing the payment history, bankruptcy schedules and any proof of claim filed in order to assess the affirmative defenses what Defendant was likely to assert. Such due diligence revealed that Defendant is unlikely to have a complete defense to this action.

26. The Plaintiff made demand upon the Defendant for return of the monies paid by the Pre-Petition Transfers. The Defendant has failed to remit the amount of the Pre-Petition Transfers to the Plaintiff.

27. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Pre-Petition Transfers is avoided.

## COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

The allegations in paragraphs 1-27 are realleged as if set forth in this count.

28.     The Pre-Petition Transfers were made within two (2) years prior to the Petition Date.

29.     The Pre-Petition Transfers were made to, or for the benefit of, the Defendant.

30.     Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Pre-Petition Transfers was not on account of an antecedent debt, the Debtor Transferor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfers, because the value of the services and/or goods the Debtor Transferor received from the Defendant was less than the value of the Pre-Petition Transfers and the Debtors were: (i) insolvent on the dates of the Pre-Petition Transfers or became insolvent as a result of the Pre-Petition Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital at the time of, or as a result of, the Pre-Petition Transfers; and/or (iii) the Debtors intended to incur, or believed that it would incur, debts that would be beyond that Debtors' ability to pay as such debts.

31.     The Pre-Petition Transfers should accordingly be avoided and set aside as fraudulent transfers pursuant to 11 U.S.C. § 548.

## COUNT III – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

The allegations in paragraphs 1-31 are realleged as if set forth in this count.

32.     As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 U.S.C. §§ 547 and/or 548, respectively.

6

33. Defendant is the initial transferee of the Pre-Petition Transfers or the entity for whose benefit the Pre-Petition Transfers were made, or an immediate or mediate transferee of such initial transferee of the Pre-Petition Transfers.

34. The Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 U.S.C. § 550.

35. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Pre-Petition Transfers is recovered for the benefit of the estate.

### **COUNT IV – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)**

The allegations in paragraphs 1-35 are realleged as if set forth in this count.

36. The Defendant is the transferee of the Pre-Petition Transfers.

37. The Pre-Petition Transfers are recoverable by the Plaintiff under 11 U.S.C. § 550.

38. Pursuant to 11 U.S.C. § 502(d), if Defendant is liable for any of the Pre-Petition Transfers under 11 U.S.C. § 547 or §548, then any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of the Pre-Petition Transfers to the Plaintiff.

39. The Defendant has not returned or paid the value of the Pre-Petition Transfers to the Plaintiff.

40. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that all Defendant's claims against the Debtors' estates are disallowed.

**WHEREFORE**, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1. In the amount of the Pre-Petition Transfers, together with costs of suit incurred herein, including, without limitation, pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2.  Determining that each of the Pre-Petition Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547, or alternatively, that each of the Pre-Petition Transfers is avoidable under 11 U.S.C. § 548, and that the Plaintiff is entitled to recover each of the Pre-Petition Transfers under 11 U.S.C. § 550;

3.  Disallowing all of Defendant's claims against the Debtors' estates under 11 U.S.C. § 502(d), unless and until the amount of any judgment for avoidance and recovery of the Pre-Petition Transfers is paid by Defendant to Plaintiff, on behalf of the Debtors' estates;

4.  Preserving each of the Pre-Petition Transfers for the benefit of the estates; and

5.  For such other and further relief as the Court may deem just and proper.

Dated: March 4, 2022

**HENDREN, REDWINE & MALONE, PLLC**
/s/ Rebecca F. Redwine
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 37012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 420-7867
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jody A. Bedenbaugh, D.S.C. ID No. 9210
Paul T. Collins, D.S.C. ID No. 9055
Graham S. Mitchell, D.S.C. ID No. 11763
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
Jody.Bedenbaugh@nelsonmullins.com
graham.mitchell@nelsonmullins.com

-and-

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Dylan G. Trache (admitted *pro hac vice*)
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
Facsimile: (202) 689-2860
E-Mail: dylan.trache@nelsonmullins.com

Co-counsel for Plaintiff Louis E. Robichaux, IV, as Liquidation Trustee of Randolph Health Liquidation Trust

EXHIBIT A

| Vendor | Debtor Transferor | Check Date | Check # | Clear Date | Amount |
|---|---|---|---|---|---|
| ASD Specialty Healthcare | Randolph Specialty Group Practice | 12/5/2019 | 32708 | 12/11/2019 | $9,927.09 |
| | Randolph Specialty Group Practice | 1/3/2020 | 32967 | 1/9/2020 | $4,412.04 |
| | Randolph Specialty Group Practice | 1/30/2020 | 33122 | 2/6/2020 | $13,236.12 |
| | Randolph Specialty Group Practice | 2/14/2020 | 33239 | 2/19/2020 | $12,133.11 |
| | | | | | |
| | | | | | |
| Total | | | | | $39,708.36 |